IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEITH HALL, et al.,                        §
                                           §
                    Plaintiffs,            §
                                           §   Civil Action No. 3:10-CV-2534-D
VS.                                        §
                                           §
KONE, INC., et al.,                        §
                                           §
                    Defendants.            §

MEMORANDUM OPINION
AND ORDER

        The motions to dismiss of defendants International Union of Elevator Constructors, Local

No. 21 ("Local 21") and ThyssenKrupp Elevator Corporation ("TKE") are denied.[1]

I

        This is a suit for age discrimination under the Age Discrimination in Employment Act

of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendants Kone, Inc. ("Kone") and TKE are

elevator installation and maintenance companies. Defendant Local 21 is a labor union local.

Plaintiffs[2] worked for Kone and TKE and were members of Local 21. An industry-wide

collective bargaining agreement ("CBA") negotiated in 2002 introduced a position-based

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written
opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]
issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."
It has been written, however, primarily for the parties, to decide issues presented in this case,
and not for publication in an official reporter, and should be understood accordingly.

[2] Plaintiffs are David Massey, Theodis Johnson ("Johnson"), Jerry Shelton, Keith Hall
("Hall"), Jeffery Kula, and Claudis Thurmon. All plaintiffs worked for Kone except Hall,
who worked for TKE, and Johnson, who worked for a subsidiary of Kone.

layoff procedure, a training program (the "Apprentice Program"), and an examination requirement (the "Exam") for becoming a Mechanic.  Apprentices who passed the Exam were classified as Mechanics, and those who did not sit for the Exam, or who failed it more than twice, were reassigned to lower-ranking positions.  In November 2009 plaintiffs failed the Exam for the third time.  They maintain that, after learning their test results, Local 21 assured them of their job security based on their skills and experience.  In January 2010 Kone and TKE laid off all plaintiffs but Hall, who was demoted before being terminated in July 2010.  Kone and TKE attributed plaintiffs' terminations to the change in their job classification after failing the Exam the third time.  Plaintiffs assert claims for disparate treatment and disparate impact against Local 21, Kone, and TKE.  Local 21 and TKE move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.[3]

II

Plaintiffs have adequately pleaded a disparate treatment claim against Local 21.  They allege that they were older than 40 at the time of termination, that they performed their jobs competently, and were *de facto* qualified for their positions because the Exam requirement was not consistently enforced and other similarly-qualified workers were not terminated; and that after their termination, their positions were filled by younger workers. They also allege that defendants' justification for their terminations is pretextual because the younger workers

---

[3]As noted below, Local 21 relies on Rule 12(b)(1) to obtain dismissal based on limitations.  This reliance is misplaced for the reason the court explains.

who filled their positions had not passed the Exam and because Kone and TKE continued to employ other Local 21 members who had failed the Exam multiple times.  Plaintiffs' allegations give Local 21 fair notice of what their claims are and the grounds on which they rest.  *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *Cuthbertson v. Am. Fed. of Gov't Emps.,* 2011 WL 1427634, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.).

Nor is Local 21 entitled to dismissal of plaintiffs' claims on the ground that they are time-barred.  This question is determined under Rule 12(b)(6), not Rule 12(b)(1).[4]  Therefore, "[f]or [Local 21] to prevail on the basis of limitations at the pleadings stage, the plaintiff[s] must normally plead [themselves] out of court."  *Brown v. DaimlerChrysler Corp.,* 1999 WL 766021, at *1 (N.D. Tex. Sept. 24, 1999) (Fitzwater, J.) (citation omitted).  Plaintiffs allege that their claims became apparent when they were terminated, and that they timely brought this action following receipt of a right-to-sue letter.  They have not pleaded themselves out of court.

The court also rejects Local 21's argument that plaintiffs' claims should be dismissed because the Apprentice Program and Exam are "bona fide seniority systems" under 29 U.S.C. § 623(f)(2). This is also an affirmative defense, and plaintiffs must plead themselves out of court, which they have not done.  "Under the Rule 12(b)(6) standard, it is well settled that in order for a defendant to prevail [on an affirmative defense] at the pleadings stage, the

---

[4]Local 21 moves to dismiss under Rule 12(b)(1). But because the ADEA's statute of limitations is not jurisdictional, *see, e.g., Scally v. Burlington Northern & Santa Fe Railway Co.,* 2001 WL 1577626, at *3 (N.D. Tex. Dec. 10, 2001) (McBryde, J.), Rule 12(b)(1) is inapposite.

plaintiff must normally plead itself out of court." *Hooker v. Dall. Indep. Sch. Dist.*, 2010 WL 4025877, at *7 (N.D. Tex. Oct. 13, 2010) (Fitzwater, C.J.) (quoting *W. Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. Jul. 29, 2009) (Fitzwater, C.J.) (citations and quotation marks omitted)).

Hall has similarly stated an adequate disparate treatment claim against TKE. The allegations supporting his disparate treatment claim against TKE, his employer, are the same as plaintiffs' allegations against Local 21. They permit the court to draw the inference that TKE is liable for Hall's disparate treatment claim.

Plaintiffs have also stated a claim for disparate impact against Local 21 and TKE. They assert that Local 21 and TKE implemented facially neutral employment policies—the Apprentice Program and Exam—with a disparate impact on older workers; that their employers cited their inability to pass the Exam and resulting job classifications as reasons for their terminations; and that the Exam failure rate for older workers is higher than for younger workers, and that they were told that they would probably not pass the Exam due to their age. These allegations are sufficient.

TKE's objection that Hall has failed to plead a statistical disparity functionally equivalent to intentional discrimination is unavailing because statistical disparity is an element of plaintiffs' prima facie proof, not a pleading requirement. *See, e.g., Ricci v. DeStefano*, ___ U.S. ___, 129 S.Ct. 2658, 2678 (2009) ("A prima facie case of disparate-impact liability [is] essentially a threshold showing of a significant statistical disparity, and nothing more." (citation omitted)). Hall need not establish a prima facie case at the pleadings

stage, *see Swierkiewicz*, 534 U.S. at 514, and his allegation that the Exam failure rate for older workers is higher than for younger workers is sufficient.

*   *   *

Concluding that dismissal based on the pleadings alone is unwarranted, the court denies the motions to dismiss of defendants Local 21 and TKE.

**SO ORDERED.**

August 10, 2011.

SIDNEY A. FITZWATER
CHIEF JUDGE